IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 4:21-cr-26-CDL-CHW-002 |
| | : | |
| BRUCE STINSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

# ORDER

Defendant Bruce Stinson has filed a request for the Court to send him copies of his Grand Jury transcripts and indictment (Docs. 111, 112).[1] He indicates that he needs the documents to prepare a §2255 motion. (*Id.*) Currently, Defendant has no motion for post-conviction relief before the Court.

Defendant is not entitled to free copies of documents or transcripts at this time. *See United States v. Hernandez*, 431 Fed. App'x 813, 813 (11th Cir. 2011) (finding that the district court properly denied "a federal prisoner's transcript request where the appellant had no appeal pending and had not moved to vacate his sentence under § 2255."); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)[2] (concluding that "only where a [habeas] petitioner . . . has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without costs."). A defendant, post-conviction, "is not entitled to obtain copies of court records at the government's expense to search for possible

---

[1] Both documents make the same request. Defendant submitted the second letter after the Clerk of Court noted that the request must be signed. *See* (Docket Note, "Notice of Deficiency," June 11, 2024).

[2] Fifth Circuit decisions "handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit[.]" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

defects merely because he is an indigent." *United States v. Adamson*, 681 Fed. App'x 824, 827 (11th Cir. 2017) (quoting *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973)).

Defendant's request cannot be fulfilled for two other reasons. First, he requests a copy of his indictment, but he pled guilty to a superseding information. (Doc. 83). It is unknown whether he wants the original indictment or the superseding information. Even if he were entitled to free copies, the Court will not guess which document Defendant intended to request. Second, grand jury transcripts are not subject to disclosure absent certain exceptions. Fed. R. Crim. P. 6(e). Defendant's generalized request for grand jury transcripts to help him prepare a §2255 motion or in hopes of finding error fails to meet the "particularized need" that Rule 6(e) exceptions require. *See United States v. Valencia-Trujillo*, 462 Fed. App'x 894, 898 (11th Cir. 2012). ("'No grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information.'") (quoting *United States ex rel Stone v. Rockwell Int'l Corp.*, 173 F.3d 757, 760 (10th Cir. 1999)).

For the foregoing reasons, Defendant's motions for documents (Docs. 111, 112) are **DENIED**.

**SO ORDERED**, this 5th day of February, 2025.

                                                  s/ Charles H. Weigle
                                                  Charles H. Weigle
                                                  United States Magistrate Judge